108 F.3d 1380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel ESCOBEDO, Defendant-Appellant.
 No. 95-3787.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 4, 1997.*
Decided March 4, 1997.
 
 Before POSNER, Chief Judge, and KANNE, and DIANE P. WOOD, Circuit Judges.
 ORDER
 Daniel Escobedo, acting pro se, appeals the sentence of sixty-two months imprisonment he received for being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). We affirm.
 Pursuant to a plea agreement, on June 13, 1995, Mr. Escobedo pleaded guilty to possessing two firearms as a felon. Subsequently, he wrote a letter to the district court stating that he had not had an opportunity to read the plea agreement before signing it and that his former attorney (who had been allowed to withdraw his representation between the date the plea agreement had been signed and the date the plea was taken) had pressured him into signing it. He also stated that some of the information in the plea agreement was incorrect and that he would not have signed it had he read that information. Specifically, he challenged his acknowledgment of purchasing firearms prior to February 1994, during which time period he was on parole for a state offense. The acknowledgment was important because the firearms conduct, if committed while he was subject to a criminal justice sentence, earned Mr. Escobedo two additional criminal history points under Sentencing Guideline section 4A1.1(d), in turn increasing his criminal history category.
 
 
 1
 At sentencing on September 11, 1995, the district court informed the parties that it could not proceed with sentencing given the unresolved ambiguities about the validity of the plea agreement and the possible ineffective assistance of prior counsel in securing Mr. Escobedo's assent to the plea agreement. Sentencing was continued to give both parties an opportunity to review the case.
 
 
 2
 On November 2, when Mr. Escobedo was questioned at the continued hearing by his attorney, he gave the following testimony:
 
 
 3
 Q: Mr. Escobedo, you entered a plea of guilty in this case on June 13th of this year. Does that sound about right in terms of the date?
 
 
 4
 A: Yes, it does.
 
 
 5
 Q: In advance of that plea agreement or that plea, did you and I discuss the plea agreement which had been prepared in this case?
 
 
 6
 A: Yes, we did.
 
 
 7
 Q: As of this date, do you understand that the enhancement for having committed a portion of this offense or relevant conduct while you were under a criminal justice sentence, that is, while you were still on parole does indeed apply?
 
 
 8
 A: Yes, I do.
 
 
 9
 Q: And as of this time, do you fully understand all the consequences to you of your plea and the possible sentence under the United States Sentencing Guidelines?
 
 
 10
 A: Now I do.
 
 
 11
 Q: And understanding all that, at this time do you want to persist in that plea or do you want to attempt to withdraw that plea?
 
 A: I don't want to withdraw the plea
 
 12
 Q: Knowing what the Sentencing Guidelines provide for in your case as reported to us and to the judge in the presentence investigation, specifically, that the [S]entencing Guideline range in this case is from 51 to 63 months, do you understand that?
 
 
 13
 A: Yes, I do.
 
 
 14
 Q: And knowing all those things, do you persist in the plea and your desire to be sentenced today by Judge Duff?
 
 
 15
 A: Yes, I do.
 
 
 16
 (Tr. of 11/2/95, at 9-10.) In response to a question by the court, Mr. Escobedo stated that he had written the letter because he "didn't understand the enhancement at the time," but that he now understood it. (Id. at 11.) The district court then sentenced Mr. Escobedo.
 
 
 17
 On appeal, Mr. Escobedo asserts that his right to due process was violated when the district court relied upon erroneous information (specifically, the fact that Mr. Escobedo purchased guns while on parole) in imposing sentence. In essence, he is revisiting the issue extensively discussed on November 2. During that proceeding, however, he acknowledged that the information in the plea agreement was correct, and consequently he cannot be heard to complain about it now. Mr. Escobedo also claims that his attorney was ineffective at sentencing for allowing him to be sentenced based on erroneous and prejudicial information. On the contrary, our review of the record, especially the September 11 and November 2 transcripts, shows that counsel protected Mr. Escobedo's right to be sentenced on accurate information. Given that Mr. Escobedo himself acknowledged in open court that he did in fact purchase guns while he was on parole, counsel cannot be considered ineffective for allowing the district court to take that information into account in imposing sentence.
 
 
 18
 Finally, Mr. Escobedo argues that the district judge failed to comply with Federal Rule of Criminal Procedure 32(a) at his sentencing. Technically he is correct, as the district judge did not ask Mr. Escobedo whether he had an opportunity to discuss the presentence report (PSR) with his attorney. See United States v. Rone, 743 F.2d 1169, 1174 (7th Cir.1984). This technical non-compliance does not amount to reversible error, however, given that the purpose of continuing sentencing until November 2 was exactly to give Mr. Escobedo and his attorney time to discuss the case (especially the plea agreement and the PSR) and decide on a course of action. Mr. Escobedo does not deny that he and his counsel discussed his PSR, and from the transcript of the proceedings, it is quite clear that they had done so by the time Mr. Escobedo was sentenced. Thus the purpose behind the rule was satisfied, and the error was harmless. See United States v. Wagner, 996 F.2d 906, 916 (7th Cir.1993), United States v. Brown, 785 F.2d 587, 592 (7th Cir.1986).
 
 
 19
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, accordingly, the appellant's request for oral argument is denied and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)